**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **ROWLAND D. SCOTT, III** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **C.A. No. S16X-04-005 MJB** |
| | ) | |
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

**Submitted:** April 19, 2016
**Decided:** July 27, 2016

*Upon Petition for Expungement of Criminal Records*, **DENIED.**

Pending before the Court is a petition filed by Rowland Scott ("Petitioner") seeking the expungement of six charges resulting from an arrest that occurred on or about November 3, 2009 (the "November Arrest"),[1] and one charge resulting from an arrest which occurred on or about June 3, 2010 (the "June Arrest").[2] Attached to the petition is a Certified Criminal History report provided by the State of Delaware Department of Public Safety and Homeland Security (the "Criminal History Report"), which provides that Petitioner's was also arrested in May of 2002 for Disorderly Conduct. Petitioner seeks to expunge the following charges: (1) Maintaining a Vehicle for Keeping Controlled Substances; (2) Conspiracy in the Third Degree; (3) two counts of Possession of Drug Paraphernalia; (4) Possession of Marijuana; (5) Carrying a Concealed Dangerous Instrument; and (6) Possession of Drug Paraphernalia (resulting from the June

---

[1] According to the Criminal History Report, as it relates to the November Arrest, Petitioner was charged with maintaining a Vehicle for Keeping Controlled Substances, Conspiracy in the Third Degree, two counts of Possession of Drug Paraphernalia, Possession of Marijuana, Carrying a Concealed Dangerous Instrument.
[2] According to the Criminal History Report, as it relates to the June Arrest, Petitioner was charged with Possession of Drug Paraphernalia.

Arrest). In his petition, Petitioner does not allege specific facts in support of his contention that the convictions create, for him, a manifest injustice.[3]

On November 3, 2009, Petitioner was pardoned for the charges of Maintaining a Vehicle for Keeping Controlled Substances and Carrying a Concealed Dangerous Instrument. The State entered *nolle prosequi* on the remaining charges resulting from the November Arrest. With regard to the Possession of Drug Paraphernalia which resulted from the June Arrest, Petitioner's criminal history indicates that the State entered a *nolle prosequi*. On April 19, 2016, the State opposed the Defendant's request to expunge the Maintaining a Vehicle for Keeping Controlled Substances charge because, the State argues, a felony charge cannot be expunged. The State did not oppose expungment of the remaining charges.

## I. DISCRETIONARY EXPUNGEMENT PURSUANT TO 11 *DEL. C.* § 4375

11 *Del. C.* § 4375(a) provides that a person who has been convicted of a misdemeanor or a violation, who is thereafter unconditionally pardoned for that offense by the Governor, may request a discretionary expungement.[4] The burden is on the petitioner to allege specific facts in support of that petitioner's allegation of manifest injustice, and the burden shall be on the petitioner to prove such manifest injustice by a preponderance of the evidence.[5] "The fact that the petitioner was convicted of the criminal offense that is the subject of that petitioner's expungement application shall be considered by the Court as prima facie evidence that the continued existence and possible dissemination of information relating to the arrest in question *does not* constitute a manifest injustice to the petitioner."[6]

---

[3] Petitioner simply states "the continued existence and possible dissemination of information relating to the arrest of Petitioner causes, or may cause, circumstances which constitute a manifest injustice to petitioner."
[4] 11 *Del. C.* § 4375(a).
[5] *Id.*
[6] *Id.* (emphasis added).

2

Petitioner was convicted of a felony and this Court lacks authority to expunge such a conviction. The version of 16 *Del. C.* § 4755(a)(5) in effect at the time Petitioner was convicted classified the offense of Maintaining a Vehicle for Keeping Controlled Substances as a class F felony for any person "[k]nowingly to keep or maintain any . . . vehicle . . . by persons using controlled substances in violation of this chapter for the purpose of using these substances or which is used for keeping or delivering them in violation of this chapter."[7] This Court has previously stated that "[p]ursuant to Delaware statute, this Court cannot grant the expungement of felony convictions, no matter whether the felony convictions were later pardoned by the Governor."[8]

As to the remaining non-felony charges, Petitioner fails to allege, and the record before the Court is devoid of any, specific facts in support of petitioner's claim of manifest injustice. Petitioner has failed to meet his burden of proof, by a preponderance of the evidence, that he would suffer manifest injustice if the charges continued to be in existence and subject to possible dissemination. The Court will therefore not exercise its discretion to expunge Petitioner's criminal charges.

## II. MANDATORY EXPUNGMENT PURSUANT TO 11 *DEL. C.* § 4373

11 *Del. C.* § 4373(a) provides that charge or charges "shall be expunged" if the case was terminated in favor of the accused, the person has not previously been convicted of another criminal offense, and the person has not been convicted of any crime since the date upon which the case was terminated in favor of him.[9] 11 *Del. C.* § 4372 states that a case "shall be deemed to be 'terminated in favor of the accused' only if (1) The accused is acquitted of all charges

---

[7] 16 *Del. C.* § 4755(a)(5) (2011).
[8] *Bosick v. State*, 2014 WL 6670137 (Del. Super. Ct. Nov. 5, 2014) (citing 11 *Del. C.* § 4375).
[9] 11 *Del. C.* § 4373(a) applies to crimes designated "as a misdemeanor or violation in Title 4, 7, 11, 16, or 24, or a county or municipal code, ordinance, or regulation which is the same as, or equivalent to, any Title 4, 7, 11, 16 or 23 offense, excepting [sic] those crimes specifically exempted in subsection (c) of this section." 11 *Del. C.* § 4373(a).

related to the case; (2) A nolle prosqui is entered on all charges related to the case; (3) The accused is placed on probation before judgment, fulfills the terms and conditions of probation, and the court enters an order discharging the person from probation; or (4) All charges related to the case are otherwise dismissed."[10]

Petitioner has failed to meet the statutory requirements for expungement of his prior charges relating to the November Arrest. The record before the Court reflects that Petitioner was convicted of Carrying a Concealed Dangerous Instrument and Maintaining a Vehicle for Keeping Controlled Substances and was later pardoned by the Governor. The charges related to the November Arrest were not "terminated in favor of the accused" as is required by 11 *Del. C.* § 4373(a).

With regard to the Possession of Drug Paraphernalia charge, which was related to the June Arrest, Petitioner has failed to meet the statutory requirement that he was not previously convicted of another criminal offense. As noted above, Petitioner was convicted of Carrying a Concealed Dangerous Instrument and Maintaining a Vehicle for Keeping Controlled Substances as a result of the November Arrest.

Petitioner has failed to meet the statutory requirements for expungment under 11 *Del. C.* § 4373(a).

For the reasons stated above, the petition is **DENIED.**

**IT IS SO ORDERED**.

_____
**M. Jane Brady**
Superior Court Judge

MJB/wjb
Original to Prothonotary
cc:    Christopher Hutchison, Deputy Attorney General

---

[10] 11 *Del. C.* § 4372(b).